IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ozie L. Ware, | ) | C/A No.: 1:11-544-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Rodney Pruitt; J.E. Patsourakos, | ) | |
| Defendants. | ) | |

Ozie L. Ware ("Plaintiff"), proceeding *pro se* and in *forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues officers Rodney Pruitt and J.E. Patsourakos (collectively "Defendants") of the City of Williston Police Department. Before the court are (1) Plaintiff's motion for default judgment [Entry #46]; and (2) Defendants' motion for summary judgment [Entry #49]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

I. Factual Background

Plaintiff alleges that he was arrested by Pruitt on March 9, 2009 and was denied legal counsel at his bond hearing. [Entry #1 at 3]. Plaintiff also claims that his father was not allowed to attend that hearing. *Id.* Plaintiff further alleges that he was arrested in Aiken County on August 11, 2009 by Patsourakos on warrants for failure to stop for a blue light and driving under suspension. According to the complaint, Patsourakos did not have the arrest warrants in his possession at the time of the arrest. *Id.* at 4. Plaintiff also

alleges that all seven arrest warrants were forged by Pruitt. *Id*. Plaintiff requests an order directing Defendants to drop all charges against him involving Defendants,[1] and seeks reimbursement for bond payments and court costs. *Id*. at 5.

Defendants filed their motion for summary judgment on May 9, 2012. [Entry #49]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #50]. Plaintiff filed a timely response to Defendants' motion on June 13, 2012. [Entry #57]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge deny Plaintiff's motion for a default judgment and grant Defendants' motion for summary judgment.

II. Discussion

    A. Motion for Default Judgment

Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55 appears to be based on his allegations that Defendants did not contact him regarding scheduling mediation after he provided possible mediation dates. [Entry #46]. Plaintiff's reliance on Rule 55 is misplaced, as there is no allegation that Defendants have failed to plead or otherwise defend as the rule requires. *See* Fed. R. Civ. P. 55. Therefore, it is recommended that Plaintiff's motion for default judgment [Entry #46] be denied.

---

[1] According to Defendants' motion for summary judgment, all charges related to the seven arrest warrants at issue have been dropped.

B.   Motion for Summary Judgment

1.   Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    2.    Analysis

        a.    Counsel at Bond Hearing

Plaintiff alleges he was denied the right to have counsel at his hearing, but provides no other facts in support of this allegation. For example, Plaintiff does not appear to allege that he requested to have counsel and his request was denied. Defendants may choose to forego counsel at bond hearings, because appointment of counsel may delay the hearing, and consequently delay the defendant's release from jail. *See, e.g., Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 196, n. 5 (2008). He does not deny that he was read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and was therefore aware of his right to counsel. Furthermore, he presents no argument regarding the alleged denial of counsel in his response to summary judgment. Therefore, because Plaintiff has provided no authority that he requested an attorney, the undersigned recommends Defendants be granted summary judgment on this claim.

        b.    Fourth Amendment Violation

Plaintiff alleges that Pruitt forged Judge Flynn's signatures on the arrest warrants. In support of this claim, he submitted a report of an expert's[2] analysis of the signatures,

---

[2] The undersigned does not use the term "expert" as a conclusion of law, but simply adopts the term used by the parties for ease of reference.

which found that it was inconclusive whether the signatures had been forged. Defendants submitted affidavits of Pruitt and Judge Flynn attesting that the signatures were not forged. [Entry #49-3; #49-4]. Plaintiff has not set forth any evidence showing that the signatures were forged. His own expert's analysis could not conclude that the signatures were forged and Plaintiff bears the burden of proof on this issue. Therefore, it is recommended that Defendants be granted summary judgment with regard to the alleged forgeries.

Additionally, to the extent Plaintiff claims that Patsourakos could not arrest him without a warrant on his person, Plaintiff is mistaken. There is no constitutional requirement that an arresting officer have the warrant at the time of the arrest. *See U.S. v. Johnson*, 48 Fed.Appx. 871, 872 (4th Cir. 2002). In addition, although Plaintiff contends that Patsourakos was outside of the county, Plaintiff admits that there was an outstanding warrant for his arrest in Barnwell County and provides no legal authority why the warrant could not be executed outside of the county. Therefore, it is recommended that Defendants be granted summary judgment with regard to Plaintiff's alleged Fourth Amendment violations.

III.   Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion for default judgment [Entry #46] be denied and Defendants' motion for summary judgment [Entry #49] be granted.

IT IS SO RECOMMENDED.

September 17, 2012                                    Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).